PEOPLE *v.* CHARLES

CRIMINAL LAW—PLEA OF GUILTY—RIGHT TO COUNSEL—WAIVER.
    A plea of guilty was properly accepted even though defendant
    did not have counsel and had previously asked that counsel be
    appointed, where defendant expressly waived his right to
    appointed counsel and his plea was accepted after an ex-
    emplary and thorough examination by the court.

Appeal from Kent, Stuart Hoffius, J. Submitted
Division 3 June 1, 1971, at Grand Rapids. (Docket
No. 10720.) Decided June 28, 1971.

Glenn G. Charles was convicted, on his plea of
guilty, of carrying a concealed weapon without a
license. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James K. Miller,*
Prosecuting Attorney, and *Donald A. Johnston, III,*
Chief Appellate Attorney, for the people.

*William J. Heyns,* for defendant on appeal.

Before: R. B. BURNS, P. J., and FITZGERALD and
T. M. BURNS, JJ.

PER CURIAM. The defendant was charged with
carrying a concealed weapon in violation of MCLA

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 486, 488.

§ 750.227 (Stat Ann 1962 Rev § 28.424). Defendant was released on bond, and requested appointment of counsel. He was found not indigent and arraignment was adjourned two weeks to enable him to retain and consult with counsel. Defendant did not appear at the adjourned arraignment, but was brought in on a bench warrant. Thereafter he offered to plead guilty to the charge and expressly waived his right to the appointment of counsel. After an exemplary and thorough plea examination, the judge accepted the plea of guilty and thereafter defendant was sentenced to a term of 1–1/2 tó 5 years in prison.

This appeal raises the question as to whether the judge should have accepted the guilty plea since defendant had previously asked for the appointment of counsel. The people move to affirm the conviction.

"The transcript discloses that the information charged appellant with (carrying a concealed weapon); that the information was read to defendant; that his right to counsel and his right to a jury trial were fully explained; that defendant unequivocally stated he did not wish to have a lawyer represent him, that he did not wish to have a jury trial, and that he wanted to plead guilty." *People* v. *Stearns* (1968), 380 Mich 704, 717.

We find no miscarriage of justice in this case. The question sought to be reviewed is so unsubstantial as to require no argument or formal submission.

Motion to affirm is granted.